

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **JAMES RYALS, JR.,**<br>on behalf of himself and<br>all others similarly situated,<br><br>     **Plaintiff,**<br><br>v.<br><br>**STRATEGIC SCREENING SOLUTIONS, INC.**<br>And **LIBERTY SCREENING SERVICES, LTD.**<br><br>     **Defendants.** | Civil Action No. 3:14-CV-643<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, James Ryals, Jr., (hereinafter "Ryals" or "Plaintiff"), on behalf of himself and all others similarly situated and for his Complaint, states as follows:

### I. INTRODUCTION

1. This is a consumer class action based upon violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA") committed by Strategic Screening Solutions, Inc. and Liberty Screening Services, Ltd. Defendants are regulated as a consumer reporting agencies ("CRAs") under the FCRA. The rights of consumers to have notice of, inspect, and correct consumer information sold about them are at the heart of the FCRA. Defendants deprive consumers of these rights by failing to comply with the FCRA and refusing to follow the law's requirements when they compile and then sell information about them to third parties.

2. Plaintiff alleges class claims under 15 U.S.C. §§ 1681c(a)(2) and (5), which excludes certain information from consumer reports. Plaintiff's report from Defendants included

dismissed criminal charges, as opposed to convictions, that pre-dated the report by more than seven years.

3.       Plaintiff alleges a class claim under 15 U.S.C. § 1681g. Plaintiff requested his consumer disclosure from Defendants and a list of all inquiries made to Defendants for his report. When Defendants did respond, they did not provide the required written summary of FCRA rights. Defendants also did not provide the required statement in their written response that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer unless the information is outdated or cannot be verified. Upon information and belief, Defendants did not provide a copy of the entire consumer file as requested.

4.       Plaintiff alleges a class claim under 15 U.S.C. § 1681k because Defendants did not provide Plaintiff and other similarly situated consumers timely and lawful notice that they were furnishing an employment purposed consumer report containing adverse public record information at the time they did so.

5.       This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report.

6.       It also is intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.

7.       Defendants' failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

8.       Plaintiff alleges an individual claim because Defendants sent an inaccurate consumer report to one of their clients where Plaintiff applied for employment.

9.     Defendants failed to establish or follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## II.     JURISDICTION AND VENUE

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Defendants are transacting business in the Commonwealth of Virginia.

12.     Defendants have contracted to supply services or things in the Commonwealth of Virginia.

13.     Defendants have caused tortious injury in the Commonwealth of Virginia by an act or omission outside of the Commonwealth of Virginia given they regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in this Commonwealth.

14.     Notwithstanding the foregoing activities, Defendants are not authorized to do business in Virginia nor do they maintain a registered agent for service of process in Virginia.

15.     Plaintiff intends to serve Defendants through the Secretary of the Commonwealth.

16.     Plaintiff resides in Richmond, applied for the job at issue in this Complaint in Richmond, and received a copy of the consumer report from Defendants upon his request in Richmond.

17.     Richmond is in this District and Division of the Court.

## III.     PARTIES

18.     Plaintiff is an adult and a "consumer" as that term is defined in the FCRA.

19.     Defendants operate as a nationwide consumer reporting agency providing comprehensive screening services as governed by the FCRA.

3

20.     Defendants are Texas corporations and maintain their principal place of business at 2180 North Loop West, Houston, TX 77018.

21.     Defendants each are, "a consumer reporting agency which [for the purpose of furnishing consumer reports] for employment purposes [...] compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a).

### IV.     FACTUAL ALLEGATIONS

22.     Defendants sell consumer reports (commonly called "credit reports") about thousands of consumers annually.

23.     Defendants' reports contain vast amounts of information about an individual consumer that they have assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, employer and employment history, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, has any liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

24.     By regularly selling such reports for a fee with the anticipated or expected use of such reports by other entities, Defendants operate as a "consumer reporting agency" ("CRA") "that compile[s] and maintain[s] files on consumers on a nationwide basis," and a national specialty consumer reporting agency ("NSCRA") as defined by 15 U.S.C. §§ 1681a(f), a(p) and a(w), respectively.

25.     Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer-report information by CRAs and NSCRAs.

4

26.     The FCRA regulates what information may and may not be contained in the consumer report.

27.     One of the prohibited items is an adverse item of information, other than records of convictions of crimes, which antedates the report by more than seven years.

28.     Plaintiff's report contained records of arrest, as opposed to convictions, for two felonies that were dismissed and predated the report by more than seven years. See 15 U.S.C. § 1681c(a)(5).

29.     Upon information and belief, Defendants systematically include in consumer reports out-of-date criminal charges which were dismissed.

30.     When Plaintiff and similarly situated individuals requested a copy of their consumer file from Defendants, Defendants failed to provide them with all the information required by 15 U.S.C. § 1681g,

31.     Defendants omitted a written summary of FCRA rights and a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer unless the information is outdated or cannot be verified.

32.     Defendants sell consumer reports to employers for employment purposes, which means the report is "used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h).

33.     When a CRA sells a report for employment purposes and that report contains public-record information that is "likely to have an adverse effect upon a consumer's ability to obtain employment," the FCRA mandates that the CRA take one of two actions:

  a)      notify the consumer, "at the time" it provides the report to the user, that it is providing the report to the employer; or

5

      b)      maintain strict procedures designed to insure that whenever public-record information, which is likely to have an adverse effect on the consumer's ability to obtain employment, is reported, it is complete and up to date. For purposes of this paragraph, items of public-record relating to arrest, indictments and convictions shall be considered up-to-date if the current public-record status of the item at the time the report is provided.

15 U.S.C. § 1681k(a).

34.    Defendants are liable for violating FCRA section 1681k(a) by engaging in the following conduct:

      a)      Failing to notify consumers at the time (i.e. contemporaneously) of the fact that adverse public and criminal record information is being provided to employers or prospective employers; and

      b)      Failing to maintain strict procedures to insure that the adverse public-record information being reported is complete and up to date (the current public-record status of the item at the time the report is provided).

35.    On information and belief, Defendants take the first action—sending a notice in the mail—for all consumers on whom it sells reports for employment purposes.  Also on information and belief, Defendants do not maintain strict procedures to ensure that the public-record information it reports is complete and up to date.

36.    Upon information and belief, Defendants do not report the current public-record status of the item at the time of its report.

37.    Defendants' notice process does not achieve the result that the FCRA envisions—that is, the employer and consumer both see the report at nearly the same time.

38.     Instead, based on information and belief, Defendants provide the employer with the purchased report nearly instantaneously (or, at least, a few minutes after the employer orders it) over the Internet, while the notice letter that is supposed to go to the consumer "at the time" the employer receives the report is mailed some days later, if at all.

## V.     THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

39.     Plaintiff applied for a job with GCA Services in Richmond in March 2014.

40.     Plaintiff was preliminarily selected for employment and sent for a drug test which he passed.

41.     GCA Services  obtained and used a background report prepared by Defendants to make the final employment decision regarding Plaintiff.

42.     The consumer report provided to GCA Services by Defendants included out of date charges (as opposed to convictions) that had been dismissed.

43.     One charge of felony grand larceny was filed against Plaintiff March 5, 2003, and the Court dismissed the felony on July 8, 2003.

44.     Both of those dates pre-date by more than seven years the date on the consumer report Defendants provided to GCA Services (March 14, 2014).

45.     A second felony charge of receiving stolen goods was filed against Plaintiff on March 5, 2003.

46.     The Court dismissed the felony on April 20, 2007.

47.     The filing of the felony charge pre-dated the date of the consumer report by more than seven years.

48.     Upon receipt of the consumer report, GCA Services informed Plaintiff that he might not receive the job due to the consumer report.

7

49.     During the following month Plaintiff repeatedly requested an update from GCA Services, but GCA Services failed to hire him or even return his calls.

50.     Plaintiff received neither a written notice nor a copy of his consumer report from Defendants despite the fact that they reported negative public record information about him to a prospective employer, GCA Services.

51.     Subsequently Plaintiff asked for a copy of his entire file from Defendants along with a list of all companies who had requested or received his consumer report.

52.     Plaintiff also disputed the information in his file with Defendants.

53.     In response Defendants sent Plaintiff an additional copy of the incorrect consumer report they prepared for GCA Services, a written summary of his FCRA rights, and a cover letter, but upon information and belief not his entire consumer file.

54.     By letter dated March 11, 2014 GCA Services told Plaintiff it was reviewing Plaintiff's application for employment, including an investigative consumer report provided by Liberty Screening Services.

55.     Plaintiff received a letter from GCA Services dated Tuesday March 18, 2014 suggesting that his application for employment "is currently being reviewed for disqualifying attributes" based on information obtained from Strategic Screening Solutions.

56.     Neither of the letters purportedly sent by GCA Services included a copy of the consumer report.

57.     By letter dated Tuesday April 8, 2014 GCA Services Group, Inc. notified Plaintiff that it had decided not to offer him a position based in part on information having an adverse impact on the application received from Liberty Screening Services, Ltd.

58.     The letter from GCA Services said the process was initiated, in whole or in part,

8

based on information obtained from Strategic Screening Solutions.

59.     The same letter also stated that "Liberty Screening Services DID NOT make the decision to review the information and is unable to provide you with the specific reasons as to why the possible adverse action may be taken."

60.     The letters dated March 11, March 18 and April 8 were published and sent by Defendants on behalf of GCA Services.

61.     None of the letters complied with 15 U.S.C. § 1681k, and they were not sent at the time the consumer report was provided by Defendants to GCA Services.

62.     The April letter, which should have been sent at the time the report was completed and provided to GCA, the user of the consumer report, was instead mailed four days later and received more than a week after the negative public record information was reported to the user of the consumer report.

63.     For purposes of 15 U.S.C. § 1681k, items of public record relating to arrest, indictments and convictions shall be considered up to date if the current public record status of the item at the time a report is reported.

64.     Defendants failed to report the current public record status of the items in Plaintiff's report.

65.     The consumer report prepared by Defendants also inaccurately attributed a felony conviction to Plaintiff.

66.     GCA Services declined to hire Plaintiff because of the supposed felony conviction misreported by Defendants.

## VI.    CLASS ACTION ALLEGATIONS

67.     **Numerosity.** FED. R. CIV. P. 23(a)(1). Upon information and belief, Plaintiff alleges that the members of the Class are so numerous that joinder of all is impractical. The names and addresses of members of the Class are identifiable through documents maintained by Defendants, and members of the Class may be notified of the pendency of this action by published and/or mailed notice.

68.     **Predominance.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. They include, without limitation:

a.      whether Defendants systematically report prohibited, out-of-date criminal charge information about consumers (§1681c(a)(5));

b.      whether Defendants systemically fail to provide a full copy of the applicant's consumer file upon request by consumers (§1681g);

c.      whether Defendants, when they respond to a request for a file or a dispute, systematically fail provide all the information required (§1681g);

d.      whether Defendants systematically fail to provide Plaintiff and other similarly situated consumers timely notice that they furnished an employment purposed consumer report containing negative public record data to a prospective employer (§1681k);

e.      whether Plaintiff is an adequate representative of the class;

f.      whether questions of law and fact common to class members predominate over questions affecting only individual members;

g.      whether the class members can afford individual litigation;

h.      whether individual litigation would be an unnecessary burden on the Courts;

i.      whether individual litigation presents a potential for inconsistent or contradictory judgments;

j.      whether individual litigation increases the delay and expense to all parties;

k.      whether Defendants' violations of the FCRA were willful;

l.      what amount of statutory and punitive damages are appropriate for these alleged violations of the FCRA.

69.     **Typicality.** FED. R. CIV. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is entitled to relief under the same causes of action as the other members of the Class.  Without limitation, the procedures of Defendants were uniform and systemic. The reports obtained and used regarding Plaintiff and the circumstances for which such reports were furnished was uniform and typical of the facts for each member of the Class.

70.     **Adequacy.** FED. R. CIV. P. 23(a)(4).  Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.  Plaintiff has never been conviction of a felony.  Plaintiff recently served as a class representative in another case against HireRight in this Court that was settled for approximately $29 million.  Plaintiff particularly understands his obligations to the class as a result of his participation in that case.

71.     **Superiority.** FED. R. CIV. P. 23(b)(3).  Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. In fact, because of the manner in which Defendants have violated the FCRA, very few Class members—and almost none who are unrepresented by counsel—will ever

know that they have been subject to a report by Defendants.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

72.     Excluded from the class definitions below are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

## VII.   CLAIMS FOR RELIEF

### A.     Count I – Violation of 15 U.S.C. § 1681c(a)(5) – The "1681c" Class

73.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

74.     Plaintiff brings this action on behalf of the following Class, of which he is a member:

> All natural persons residing within the United States and its Territories who, beginning two years before the filing of this Complaint and continuing through the conclusion of this action, (1) were the subject of a consumer report prepared by either or both Defendants, which report was furnished for an employment purpose for a position for which the annual salary is less than $75,000.00, (2) within five years of the filing of the Class Complaint and continuing while this case is pending, and for whom (3) Defendants reported criminal history information (other than criminal conviction) that pre-dates the report by more than seven years.

### B.     Count II- Violation of 15 U.S.C. § 1681g(a)

12

75.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

76.     Plaintiff brings this action on behalf of the following class, of which he is a member:

> All persons residing in the United State of America and its Territories (1) who requested their consumer file from Defendants, (2) within five years preceding the filing of this Class Complaint and continuing while this case is pending, and (3) in response Defendants failed to provide a copy of all information in the consumer's file at the time of the request.

## C.     Count III – Violation of 15 U.S.C. § 1681g(c)(2)

77.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

78.     Plaintiff brings this action on behalf of the following class, of which he is a member:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who, (1) within five years before the filing of this Class Complaint and continuing while this case is pending, (2) asked for a copy of their file, and (3) the written response of Defendants failed to include a statement that the consumer reporting agency is not required to remove accurate derogatory information or the file of the consumer, unless the information is outdated under section 1681c or cannot be verified.

## D.     Count IV – Violation of 15 U.S.C. § 1681g(c)(2)(A)

79.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

80.     Plaintiff brings this action on behalf of the following class, of which he is a member:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who, (1) requested their consumer file from Defendants, (2) within five years before the filing of this Class Complaint

and continuing while this case is pending, and (3) in response Defendants failed to provide the required written summary of FCRA rights prepared by the Bureau.

**E.      Count V – Violation of 15 U.S.C. § 1681g(c)(2)(E)**

81.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

82.     Plaintiff brings this action on behalf of the following class, of which he is a member:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who, (1) within five years before the filing of this Class Complaint and continuing while this case is pending, (2) asked for a copy of their file, and (3) the written response of Defendants failed to include a statement that the consumer reporting agency is not required to remove accurate derogatory information or the file of the consumer, unless the information is outdated under section 1681c or cannot be verified.

**F.      Count VI – Violation of 15 U.S.C. § 1681k – The "1681k" Class**

83.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

84.     Plaintiff brings this action on behalf of the following Class, of which he is a member:

> All natural persons residing within the United States and its Territories who (1) within the five years preceding the filing of the Class Complaint and while this case is pending (2) were the subject of a consumer report prepared by Defendants and report sold to a third party, (3) that was furnished for an employment purpose, (4) that contained at least one adverse public record of an arrest, indictment or conviction obtained directly from a source other than the courthouse or governmental entity that maintains such record (i.e. information from a non-governmental database), (5) to whom Defendants did not place in the United States mail postage pre-paid, on the day they furnished any part of the report, a written notice that they were furnishing the subject report and containing the name of the person that was to receive the report.

85.     Defendants' failure to timely provide the required FCRA notices to the Plaintiff

and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

**G.      Count VII – Individual Claim, Violation of 15 U.S.C. § 1681e(b)**

86.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

87.     Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer report they furnished to GCA regarding Plaintiff.

88.     Defendants' report about Plaintiff that they supplied to GCA Services falsely indicated Plaintiff had been convicted of a felony, and that error cost him the job there.

89.     As a result of this conduct by Defendants, Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damages to reputation, embarrassment, humiliation and other emotional and mental distress.

### VIII.    WILLFULNESS, NEGLIGENCE AND DAMAGES

90.     The conduct, action, and inaction of Defendants was willful, rendering Defendants liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.     Willfulness under the FCRA amounts to deliberate or reckless disregard for Defendants' obligations and the rights of Plaintiffs and other class members.

92.     There are FTC Opinions and judicial decisions that pre-dated the actions by Defendant by years that put them on actual or at least constructive notice of the FCRA obligations Defendants violated.

93.     For example, with the respect to the reporting of out-of-date criminal charges, see *Serrano v. Sterling Testing Systems, Inc.*, 557 F.Supp.2d 688, 693-94 (E.D.P.A 2008).

94.     With respect to 15 U.S.C. § 1681g, see *Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007; Cortez v Trans Union, LLC, 617 F.3d 688, 711 (3rd Cir. 2010; Taylor v Screening Reports, Inc., 294 F.R.D. 680 (N.D. Ga. 2013).*

95.     With respect to 15 U.S.C. § 1681k, see *Poore v. Sterling Testing Systems, Inc.*, 410 F.Supp.2d 557, 572 (E.D.K.Y. 2006); *Williams v. LexisNexis Risk Management*, 2007 U.S.Dist. LEXIS 62193 (E.D.Va. 2007); *Adams v. National Engineering Service Corporation*, 620 F.Supp.2d 319, 331-334, 2009 U.S.Dist. LEXIS 44782 (U.S.D.Ct).

96.     In addition to the regulatory guidance and the judicial interpretations, the plain language of the above FCRA statutes should have governed Defendants' actions.

97.     Instead, by adopting the foregoing policies Defendants voluntarily ran the risk of violating the FCRA substantially greater than the risk associated with a reading of the law that was merely careless.

98.     Plaintiff and other members of the putative Class are entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     As a result of these FCRA violations, Defendants are liable to Plaintiff and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

100.    In the alternative to the allegations that these violations were willful, Plaintiff and the class members allege that the violations were negligent.

16

101.    With respect to negligence, Plaintiff seeks nominal damages for his class claims for the harm suffered by him.

102.    Plaintiff anticipates his nominal, actual damages will be less than the statutory and punitive damages potentially available for a willful violation.

103.    Plaintiff also seeks issue certification of the question whether Defendants acted negligently regarding each alleged FCRA violation.

104.    Overall, Plaintiff seeks an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o and Fed. R. Civ. P. 23(c)(4).

105.    Plaintiff seeks attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

106.    Plaintiff also seeks individual damages and attorney's fees for the alleged violation of 15 U.S.C. §1681e(b).

## IX.   JURY DEMAND

107.    Plaintiff demands trial by jury on all issues pursuant to Federal Rule of Civil Procedure 38(b).

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as follows:

a.      An order certifying the proposed Classes set forth above under Federal Rule of Civil Procedure 23, and appointing Plaintiff and the undersigned Counsel of Record to represent those Classes;

b.      The creation of a common fund available to provide notice of and remedy for Defendants' FCRA violations;

c.      Statutory and punitive damages for himself and the Classes;

d.      Attorneys' fees, expenses, and costs;

e.    Pre-judgment and post-judgment interest as provided by law; and

f.    All other relief the Court deems just and proper.

Respectfully submitted,

**JAMES RYALS, JR.**
**ON BEHALF OF HIMSELF AND ALL**
**OTHERS SIMILARLY SITUATED**

Dated: _September 11, 2014_

BY: _Christopher Colt North_
Christopher Colt North (VSB #16955)
**THE CONSUMER & EMPLOYEE RIGHTS LAW**
**FIRM, P.C.**
751-A Thimble Shoals Boulevard
Newport News, VA 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
cnorthlaw@aol.com