

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JAMES RYALS, JR.,
*on behalf of himself and others
similarly situated,*

        **Plaintiff,**

v.                                                  Civil Action No. 3:14-cv-00643-REP

STRATEGIC SCREENING SOLUTIONS, INC.,
and LIBERTY SCREENING SOLUTIONS, LTD.,

        **Defendants.**

## [PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

For the reasons below, Plaintiffs' Motion for Final Approval of Class Action Settlement, Dismissing Claims With Prejudice, and Awarding Attorneys' Fees, Costs, and Service Award (ECF No. 62) is hereby GRANTED subject to the conditions at the end of this Order.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on June 20, 2016 at 10:00 a.m., of which the Classes were notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

On February 29, 2016, following a hearing, the Court preliminarily approved two Classes of consumers: the 1681k Settlement Class, and the 1681c Settlement Sub-Class. (ECF No. 52 ¶¶ 2–3.) Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the following Classes:

1. **The 1681k Settlement Class.**

The 1681k Settlement Class is certified as:

All natural persons residing in the United States and its territories who on or between November 26, 2012 through June 1, 2015 (1) were the subject of a consumer report prepared by either or both Defendants and sold to a third party, (2) that was furnished for an employment purpose, (3) that contained at least one adverse pubic record of an arrest, indictment, or conviction obtained directly from a source other than the courthouse or governmental entity that maintains such record (i.e. information from a non-governmental database), (4) to whom Defendants did not place in the United States mail postage pre-paid, on the day they furnished any part of the report, a written notice that they were furnishing the subject report and containing the name of the person that was to receive the report.

There are 27,489 individual consumers who comprise this Class.

2. **The 1681c Settlement Subclass:**

Under the 1681c Settlement Sub-Class is certified as:

All members of the 1681k Settlement Class who (1) were also the subject of a consumer report prepared by either or both Defendants, which report was furnished for an employment purpose for a position for which the annual salary is less than $75,000, and for whom (2) the Defendants reported criminal history information (other than criminal convictions) that pre-dates the report by more than seven years.

There are 92 consumers in this Sub-Class.

The Court appoints the Plaintiff, James Ryals, Jr., as the Class Representative on behalf of the Class Members, and Consumer Litigation Associates, P.C., and The Consumer & Employee Rights Law Firm, P.C. as Class Counsel. They each meet the requirements of Federal Rule of Civil Procedure 23.

Relative to these Classes, the Court specifically finds:

2

    a.    The Classes are so numerous that joinder of all members is impracticable;

    b.    There are questions of law or fact common to the Classes;

    c.    The claims of the Named Plaintiff are typical of the claims of the Classes that the Named Plaintiff seeks to represent;

    d.    The Named Plaintiff and his Counsel will fairly and adequately protect the interests of the Classes;

    e.    The question of law or fact common to members of the Classes, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

    f.    Certification of the Classes is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 95% of Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Classes. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

Nine Class Members lodged objections to the Settlement. Class Counsel has responded to each, and the Court has considered them in its decision. The Court finds that the objections of Anthony Pina, Jennise Jones, Laura Turner, and the other Class Members are without merit in light of the Court's conclusion that the Settlement is fair, reasonable, and adequate, and hereby overrules them.

36 Class Members have timely and validly excluded themselves from the Settlement. Those individuals are listed in Exhibit A to this Order, and will not be bound by the Settlement or any of its terms.

Having considered Plaintiff's request for an agreed-upon Service Award of $5,000, the Court concludes that the award is appropriate. No Class Members have objected to the request, and Defendants do not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiff has earned it by prosecuting this case, answering discovery, and keeping up-to-date on the case status through conferences with his Counsel. The Court orders this $5,000 payment to be made from the Settlement Fund.

The Court likewise concludes that Plaintiff's Counsel's requested attorneys' fees and costs of 26.752% of the Settlement Fund, amounting to $411,833, is reasonable and should be awarded. The award is for a fee of $399,372.34, and costs of $12,460.66. No Class Member has objected to the proposed award, and the Defendants do not oppose it. Courts in this District and across the country award like amounts in common-fund class actions, and this case is no different.

The notices to the state and federal attorneys general regarding this Settlement and required by the Class Action Fairness Act ("CAFA") were not sent on time. Defendants have confirmed that they sent to the appropriate CAFA notices on June 9, 2016. Under that statute, the

Court may not issue the order granting final approval of the Settlement until at least 90 days have passed since that notice was served. 28 U.S.C. § 1715(d).

Class Counsel will cause the Settlement Administrator to advise Class Members in writing of the possibility that any FCRA claims they have are not released by this Order. That communication, which the Court has reviewed and approved, shall take the form of the sample letter attached as Exhibit B to this Order. Because this communication fits into the document that the Settlement Administrator will be sending Class Members anyway, there will be no additional expense for this second notice.

Additionally, because addresses may have become stale during the passage of the period since the CAFA notice was served, Defense Counsel is hereby ordered to pay, at its expense, for the updating of Class Member addresses before their Settlement checks are mailed once the Court grants final approval of the Settlement.

IT IS SO ORDERED.

/s/ REP
Robert E. Payne
UNITED STATES DISTRICT JUDGE

September 15, 2016